UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>A. CIOLLI, et al.,<br><br>Defendants. | Case No. 1:20-cv-01802-NONE-EPG (SAS)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS ENTERED ON MAY 4, 2021, AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 12) |

Plaintiff Anthony Barrett ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).

Plaintiff filed the complaint commencing this action on December 22, 2020. (ECF No. 1.) On April 5, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 8.) The Court gave Plaintiff thirty days to either "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 16.) On February 19, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 9.)

On May 4, 2021, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's Fifth Amendment claims for deprivation of property and deprivation of liberty without due process against Does 1 through 10 and on Plaintiff's Eighth Amendment

1

claims for unconstitutional conditions of confinement and deliberate indifference to serious medical needs against Does 1 through 10. (ECF No. 10.) The Court further recommended that all other claims and defendants be dismissed for failure to state a claim upon which relief may be granted. (*Id.*) Plaintiff was provided an opportunity to file objections to the findings and recommendations. (*Id.*)

On May 21, 2021, Plaintiff filed his objections to the Court's findings and recommendations. (ECF No. 12.) In his objections, Plaintiff relies on factual allegations that were not included in Plaintiff's complaint. For example, Plaintiff states:

> I believe that A. Ciolli can be held liable for violation of my rights not because he is the Warden, but because he actually participated in the deprivation of my property. It was the orders of A. Ciolli that denied me inadequate food which I believe contributed to my current medical conditions. I was also denied exercise, proper sanitation personal hygiene, showers, medical and psychological care all because the head official gave the orders. Even if A. Ciolli did not participate in everything that violated my rights, he played the main role of the official that went against the policies that were in force and change them to fit his need at the time.

(ECF No. 12 at 1.)

Plaintiff's objections contain new factual allegations that were not included in the original complaint or the First Amended Complaint. (*See* ECF Nos. 1, 9.) These factual allegations may be relevant to whether Plaintiff is able to state Fifth Amendment and/or Eighth Amendment claims against A. Ciolli. However, the Court cannot consider factual allegations in Plaintiff's objections in deciding whether Plaintiff has stated any legal claims.

The Court will therefore grant Plaintiff leave to file an amended complaint. The Court is not vacating the findings and recommendations entered on May 4, 2021 at this time. If Plaintiff files an amended complaint, the Court may vacate the pending findings and recommendations.

If Plaintiff chooses to file an amended complaint, he should include all factual allegations against A. Ciolli related to his claims for deprivation of property and liberty without due process and unconstitutional conditions of confinement. He should also include all factual allegations and claims against other defendants that were already found cognizable. Plaintiff should describe what each specific defendant did to violate his rights. If he does not know the name of a defendant, he can call them "John Doe" or "Jane Doe" and describe them to the best of his ability. If Plaintiff does not include facts in his amended complaint, they will not be considered in

determining if Plaintiff's amended complaint states any claims. Plaintiff is also reminded that a prison employee cannot be held liable under *Bivens* simply for supervising other employees. *Ashcroft v. Iqbal,* 556 U.S. 662, 676-77 (2009).

If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a civil rights complaint (prisoner complaint form); and
2. Within thirty (30) days from the date of service of this order, Plaintiff may file a Second Amended Complaint. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:20-cv-01802-NONE-EPG.

IT IS SO ORDERED.

Dated: **May 24, 2021**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3