UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CIOLLI, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01802-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR RETURN OF PROPERTY BE DENIED<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Plaintiff Anthony Barrett ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

　　　　On May 4, 2021, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's Fifth and Eighth Amendment claims against Does 1 through 10 and that all other claims and defendants be dismissed. (ECF No. 10.) Plaintiff filed objections to the findings and recommendations on May 21, 2021. (ECF No. 12.) The Court entered an order on May 24, 2021, granting Plaintiff leave to file an amended complaint in light of new factual allegations included in his objections. (ECF No. 13.)

　　　　On May 25, 2021, Plaintiff filed a Motion to Return Property, which the Court construes

as a motion for injunctive relief.[1] (ECF No. 14.) For the following reasons, the Court will recommend that Plaintiff's motion be denied.

## I. THE MOTION

According to the motion, on March 9, 2020, the Untied States Federal Bureau of Prisons ("BOP") staff seized Plaintiff's personal property. (ECF No. 14.) "This seizure was executed outside of the [BOP] policy and program statement." (*Id.*) BOP staff failed and refused to fully document all of Plaintiff's seized property and forced Plaintiff to sign an incomplete property inventory form under threat and duress. (*Id.*) Plaintiff has requested return of his property and moves the Court "to act accordingly." (*Id.*)

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

---

[1] Plaintiff's motion states that it is filed under Federal Rule of Criminal Procedure 41. (ECF No. 14.) However, as this is a civil case and not a criminal case, the Federal Rules of Criminal Procedure do not apply.

2

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that Plaintiff's motion be denied for at least three reasons.

First, the Court cannot order an injunction until after the party at whom the injunction is directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Because no defendant has been served yet, the Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See Nike, Inc.*, 379 F.3d at 580. Plaintiff does not submit any declarations, witness statements, or other evidence suggesting any BOP staff members deprived Plaintiff of his personal property in violation of the Fifth Amendment as alleged in the complaint.

Third, Plaintiff has not shown that he would suffer irreparable harm without preliminary relief. Although the motion does not describe the property Plaintiff wants returned, the First Amended Complaint alleges that BOP staff seized Plaintiff's perishable food, personal hygiene, a solar powered radio, and "other personal property." (ECF No. 9 at 1.) Plaintiff has not demonstrated that he would suffer an irreparable injury if these items are not returned to him at this time.

Therefore, the Court will recommend that the motion be denied.

### IV.  CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for return of property (ECF No. 14) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2021**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE