UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. CIOLLI, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01802-NONE-EPG (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS ENTERED ON JULY 13, 2021, AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 19) |

　　　　Plaintiff Anthony Barrett ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).

　　　　Plaintiff filed the complaint commencing this action on December 22, 2020. (ECF No. 1.) Plaintiff's complaint named A. Ciolli and the Federal Bureau of Prisons as defendants. (*Id.*) On April 5, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 8.) The Court gave Plaintiff thirty days to either "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 16.) On April 19, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 9.)

　　　　On May 4, 2021, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's Fifth Amendment claims for deprivation of property and deprivation

of liberty without due process against Does 1 through 10 and on Plaintiff's Eighth Amendment claims for unconstitutional conditions of confinement and deliberate indifference to serious medical needs against Does 1 through 10. (ECF No. 10.) The Court further recommended that all other claims and defendants be dismissed for failure to state a claim upon which relief may be granted. (*Id.*) Plaintiff was provided an opportunity to file objections to the findings and recommendations. (*Id.*)

On May 21, 2021, Plaintiff filed his objections to the Court's findings and recommendations entered on May 4, 2021. (ECF No. 12.) In his objections, Plaintiff stated:

> I believe that A. Ciolli can be held liable for violation of my rights not because he is the Warden, but because he actually participated in the deprivation of my property. It was the orders of A. Ciolli that denied me inadequate food which I believe contributed to my current medical conditions. I was also denied exercise, proper sanitation personal hygiene, showers, medical and psychological care all because the head official gave the orders. Even if A. Ciolli did not participate in everything that violated my rights, he played the main role of the official that went against the policies that were in force and change them to fit his need at the time.

(ECF No. 12 at 1.) In response to the objections, the Court permitted Plaintiff to file an amended complaint and instructed him to include all factual allegations against A. Ciolli related to his claims. (ECF No. 13 at 2.)

On June 9, 2021, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 16.) The SAC included new factual allegations and named Mrs. Rodriguez, Mr. Young, Lieutenant Scott, A. Ciolli, and John and Jane Does as defendants. (*Id.*) However, despite the Court's instructions, the SAC did not include the allegations regarding A. Ciolli that were set forth in Plaintiff's objections. (*See id.*; *see also* ECF No. 18 at 10.)

On July 13, 2021, the Court issued findings and recommendations recommending that this action proceed on Plaintiff's Fifth Amendment claim for deprivation of property without due process against Mrs. Rodriguez and John/Jane Does 1 through 5, Plaintiff's Fifth Amendment claim for deprivation of liberty without due process against John/Jane Does 6 through 10, Plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement against John/Jane Does 11 through 15, and Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against John/Jane Does 16 through 20. (ECF No. 18.) The


Court further recommended that all other claims and defendants be dismissed for failure to state a claim upon which relief may be granted. (*id.*) Plaintiff was provided an opportunity to file objections to the findings and recommendations. (*Id.*)

On July 22, 2021, Plaintiff filed objections to the findings and recommendations entered on July 13, 2021. (ECF No. 19.) In his objections, Plaintiff again relies on allegations that were not included in Plaintiff's complaint. Among other things, Plaintiff alleges that Lieutenant Scott was "on the search team and . . . actually took [Plaintiff's] personal property." (*Id.*)

These new factual allegations may be relevant to whether Plaintiff is able to state a Fifth Amendment claim against Lieutenant Scott. However, as the Court has previously explained, Plaintiff's complaint must be complete in itself and factual allegations in Plaintiff's objections cannot be considered when evaluating whether Plaintiff has stated any legal claims. (*See* ECF Nos. 8 at 15, 13 at 2, 18 at 20.)

In light of Plaintiff's objections, the Court will grant Plaintiff leave to file an amended complaint in order to add the additional allegations regarding Lieutenant Scott.

The Court will not vacate the findings and recommendations entered on July 13, 2021 at this time. If Plaintiff files an amended complaint including the additional allegations regarding Lieutenant Scott, the Court may vacate the pending findings and recommendations and screen Plaintiff's amended complaint in due course. If Plaintiff alleges new additional facts beyond the allegations concerning Lieutenant Scott's involvement in the search, the findings and recommendations entered on July 13, 2021 may be submitted to the district judge assigned to the case.

Plaintiff is also reminded that his amended complaint should include all factual allegations and claims against other defendants that were already found cognizable. Plaintiff should describe what each specific defendant did to violate his rights. If he does not know the name of a defendant, he can call them "John Doe" or "Jane Doe" and describe them to the best of his ability. **If Plaintiff does not include facts in his amended complaint, they will not be considered in determining if Plaintiff's amended complaint states any claims.** Plaintiff is also reminded that a prison employee cannot be held liable under *Bivens* simply for supervising other employees. *Ashcroft v. Iqbal,* 556 U.S. 662, 676-77 (2009).

3

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a civil rights complaint (prisoner complaint form); and

2. Within thirty (30) days from the date of service of this order, Plaintiff may file a Third Amended Complaint setting forth the factual allegations and claims already found cognizable in the Court's findings and recommendations entered on July 13, 2021, as well as the factual allegations regarding Lieutenant Scott set forth in Plaintiff's objections filed on July 22, 2021. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:20-cv-01802-NONE-EPG.

IT IS SO ORDERED.

Dated:   **July 26, 2021**         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE