UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>    Plaintiff,<br><br>  v.<br><br>A. CIOLLI, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01802-NONE-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 18) |

  Plaintiff Anthony Barrett ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

  Plaintiff filed the complaint commencing this action on December 22, 2020. (ECF No. 1.) On April 5, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 8.) The Court gave Plaintiff thirty days to either "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (*Id*. at 16.) On February 19, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 9.)

  On May 4, 2021, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's Fifth Amendment claims for deprivation of property and deprivation of liberty without due process against Does 1 through 10 and on Plaintiff's Eighth Amendment claims for unconstitutional conditions of confinement and deliberate indifference to serious

1  medical needs against Does 1 through 10. (ECF No. 10.) The Court further recommended that all
2  other claims and defendants be dismissed for failure to state a claim upon which relief may be
3  granted. (*Id.*) Plaintiff was provided an opportunity to file objections to the findings and
4  recommendations. (*Id.*)

5        On May 21, 2021, Plaintiff filed his objections to the Court's findings and
6  recommendations entered on May 4, 2021. (ECF No. 12.) In his objections, Plaintiff included
7  new allegations regarding A. Ciolli's involvement in the alleged constitutional violations. (*Id.*) In
8  response to the objections, the Court permitted Plaintiff to file an amended complaint and
9  instructed him to include all factual allegations against A. Ciolli related to his claims. (ECF No.
10 13 at 2.)

11       On June 9, 2021, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 16.)
12 The SAC included new factual allegations and named Mrs. Rodriguez, Mr. Young, Lieutenant
13 Scott, A. Ciolli, and John and Jane Does as defendants. (*Id.*) However, despite the Court's
14 instructions, the SAC did not include the allegations regarding A. Ciolli that were set forth in
15 Plaintiff's objections. (See *id.*; see also ECF No. 18 at 10.)

16       On July 13, 2021, the Court entered findings and recommendations recommending that
17 this action proceed on Plaintiff's Fifth Amendment claim for deprivation of property without due
18 process against Mrs. Rodriguez and John/Jane Does 1 through 5, Plaintiff's Fifth Amendment
19 claim for deprivation of liberty without due process against John/Jane Does 6 through 10,
20 Plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement against
21 John/Jane Does 11 through 15, and Plaintiff's Eighth Amendment claim for deliberate
22 indifference to serious medical needs against John/Jane Does 16 through 20. (ECF No. 18.) The
23 Court further recommended that all other claims and defendants be dismissed for failure to state a
24 claim upon which relief may be granted. (*Id.*) Plaintiff was provided an opportunity to file
25 objections to the findings and recommendations. (*Id.*)

26       On July 22, 2021, Plaintiff filed objections to the findings and recommendations entered
27 on July 13, 2021. (ECF No. 19.) In his objections, Plaintiff again relied on allegations that were
28 not included in Plaintiff's complaint. Among other things, Plaintiff alleged that Lieutenant Scott

was "on the search team and . . . actually took [Plaintiff's] personal property." (*Id.*)

In response to Plaintiff's objections, the Court again granted leave to file an amended complaint and directed Plaintiff to include the additional allegations regarding Lieutenant Scott (ECF No. 20.) Plaintiff was advised that if he included new additional facts beyond the allegations concerning Lieutenant Scott's involvement in the search, the findings and recommendations entered on July 13, 2021 may be submitted to the district judge assigned to the case. (*Id.*)

On August 5, 2021, Plaintiff filed a Third Amended Complaint ("TAC"). (ECF No. 22.) Despite the Court's instructions, the TAC does not appear to include allegations that Lieutenant Scott was on the search team that took Plaintiff's property. (*See id.*) Additionally, the TAC includes new additional facts beyond the allegations concerning Lieutenant Scott's involvement in the search and also names new defendants that were not named in any of the previous complaints, including Mr. Huerte, C. Hanson, A. Leger, Mr. Cobb, and Mr. J. Doerer. (*See id.*)

In light of the TAC the Court will vacate the findings and recommendations entered on July 13, 2021, and will screen the TAC in due course. However, given that the TAC does not comply with the Court's order granting leave to amend, <u>Plaintiff is cautioned that future failures to comply with the Court's orders will result in the imposition of sanctions, including a recommendation that this action be dismissed, if appropriate</u>.

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations entered on July 13, 2021 (ECF No. 18) are VACATED.

IT IS SO ORDERED.

Dated: **August 12, 2021**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE