UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>A. CIOLLI, et al.,<br><br>        Defendants. | Case No.  1:20-cv-01802-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS TO AMEND BE DENIED<br><br>(ECF Nos. 25, 26)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Plaintiff Anthony Curtis Barrett ("Plaintiff") is a federal inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

**I.    PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND**

On September 29, 2021, Plaintiff filed two separate motions requesting leave to amend his complaint. (ECF Nos. 25, 26.) In the first motion, Plaintiff states that his access to the courts was denied on August 18, 2021, through September 16, 2021, due to an assault that has been characterized by the Federal Bureau of Prisons as a fight. (ECF No. 25.) Plaintiff was placed in the special housing unit without a writing instrument. (*Id.*) As a result, Plaintiff was denied the ability to meet a filing deadline to appeal the disciplinary actions and to present his claim. (*Id.*) Plaintiff cannot manage his funds, which is a violation of his rights as an inmate and a punishment. (*Id.*)

In his second motion, Plaintiff states that he believes he is being illegally discriminated against and has an equal protection claim. (ECF No. 26.) Plaintiff had a disciplinary hearing and "was sanctioned 15 days Db time, No commissary or mp3 player for 90 days and 27 days of good time credit." (*Id.*) Plaintiff was released back to general population on September 16, 2021, and discovered he did not have access to his funds and he had telephone restrictions. (*Id.*) Plaintiff feels that he is being discriminated against because the denials of access to manage his money and telephone restrictions are not policy. (*Id.*) There are certain circumstances in which the warden may restrict Plaintiff's telephone and there is no way that denying him access to his funds is policy. (*Id.*) Other races, such as Mexicans, do not receive such restrictions or denials. (*Id.*) The administration and J. Rex are treating Plaintiff differently because of his race and color. (*Id.*) Plaintiff believes this is retaliation for his filings with the courts. (*Id.*) Mr. Rex and Mr. Lazarus are abusing authority. (*Id.*) If this motion is denied, Plaintiff says that he will have to exhaust his administrative remedies. (*Id.*)

## II.     DISCUSSION

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

Having reviewed Plaintiff's motions, the Court will recommend denying leave to amend because amendment would be futile. First, Plaintiff seeks to improperly add unrelated claims in this case. Under Federal Rules of Civil Procedure 18 and 20, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal,

equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Plaintiff's Third Amended Complaint brings claims for violations of Plaintiff's constitutional rights arising out of a property seizure and lockdown of Plaintiff's unit in March of 2020. (ECF No. 22.)[1] According to the motions, Plaintiff seeks leave to amend to assert claims related to his placement in the special housing unit in August and September of 2021 and subsequent restrictions on access to his funds and telephone privileges. The claims Plaintiff seeks to add are not related to the remainder of his claims. Plaintiff may not pursue multiple unrelated actions in one lawsuit. (*See* ECF No. 24.) If Plaintiff so chooses, he may file a separate lawsuit concerning the events described in the motions for leave to amend.

Second, Plaintiff states that he intends to bring a claim for denial of his ability to present administrative grievances. (*See* ECF Nos. 25, 26.) An access-to-courts claim is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions and does not apply to administrative grievances. See *Lewis v. Casey*, 518 U.S. 343, 354 (1996). If administrative

---

[1] On September 22, 2021, the Court entered findings and recommendations recommending that this action proceed on several of Plaintiff's Fifth and Eighth Amendment claims, that Plaintiff's First Amendment access to the courts and Eighth Amendment failure to protect claims be dismissed with prejudice for failure to state a claim, and that Plaintiff's claims against Mr. Doerer for failure to provide Plaintiff with hygiene be dismissed without prejudice. (ECF No. 24.) Plaintiff was served with the findings and recommendations and provided twenty-one days to file any objections. (*See id.*) The time to file objections has not yet expired.

remedies are not available, Plaintiff may be able to pursue his claims without first exhausting administrative remedies. *See Ross v. Blake,* 578 U.S. 632 (2016) (holding that an inmate need only exhaust administrative remedies that are available). However, a failure to process administrative grievances does not give rise to a separate constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993 ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.") (alteration in original) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman, 259 F.3d 641*, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, Plaintiff concedes in his second motion that he has not exhausted the available administrative remedies. (*See* ECF No. 26.) Exhaustion is a prerequisite to suit. Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit.[2] *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (*per curiam*).  The exhaustion requirement applies to all prisoner suits relating to prison life.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001).

///

///

---

[2] As noted above, Plaintiff may be able to pursue his claims without complying with the exhaustion requirement if administrative remedies are not available. *Ross,* 578 U.S. 632.

For the foregoing reasons, the Court finds that amendment would be futile and recommends denying Plaintiff's motions for leave to amend.³

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motions for leave to amend the complaint (ECF Nos. 25, 26) be DENIED.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2021**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

³ The Court also notes that Plaintiff did not submit a proposed amended complaint with either motion. *See* E.D. Cal. L.R. 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with."). The motions are further subject to denial on this basis.

5