1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY BARRETT,                         Case No.  1:20-cv-01802-NONE-EPG (PC)

12                 Plaintiff,

13          v.                                 ORDER DENYING MOTION TO APPOINT
                                               COUNSEL
14    A. CIOLLI, et al.,
                                               (ECF No. 27)
15                 Defendants.

16

17          Plaintiff Anthony Curtis Barrett ("Plaintiff") is a federal inmate proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics

19   Agents, 403 U.S. 388 (1971). Before the Court is Plaintiff's motion to appoint counsel. (ECF No.

20   27.) For the following reasons, the Court will deny the motion.

21          According to the motion, Plaintiff requests that the Court appoint counsel to represent him

22   in this case because Plaintiff is unable to afford counsel. (ECF No. 24.) Additionally, Plaintiff's

23   imprisonment will greatly limit his ability to litigate. (*Id.*) The issues involved in this case are

24   complex and will require significant research and investigation. (*Id.*) Plaintiff has limited access

25   to the law library and limited knowledge of the law. (*Id.*) Plaintiff will need help identifying

26   John/Jane Does 1 through 15 as this litigation proceeds. (*Id.*) A trial in this case will also likely

27   involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and

28   cross-examine witnesses. (*Id.*) Plaintiff states that he is having claims dismissed because of his

                                                   1

1    incompetence. (*Id.*)

2        Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

3   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952

4   (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28

5   U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*,

6   490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

7   the voluntary assistance of counsel pursuant to § 1915(e)(1).  *Rand*, 113 F.3d at 1525.

8        Without a reasonable method of securing and compensating counsel, the Court will seek

9   volunteer counsel only in the most serious and exceptional cases. In determining whether

10   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

11   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

12   complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

13        The Court will not order appointment of pro bono counsel at this time. The Court has

14   reviewed the record in this case, and at this time the Court is unable to make a determination that

15   Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can

16   adequately articulate his claims.

17        Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel

18   at a later stage of the proceedings.

19        Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF

20   No. 24) is DENIED.

21

22   IT IS SO ORDERED.

23   Dated:   __October 5, 2021__          /s/ *Erica P. Grosjean*

                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28