UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. CIOLLI,<br><br>　　　　　Defendants. | No.  1:20-cv-01802-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 22, 24) |

Plaintiff Anthony Curtis Barrett is a federal inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In his complaint, plaintiff alleges that his constitutional rights were violated during an extended lockdown of his prison cell block.  (Doc. No. 22.) Specifically, plaintiff alleges that prison staff improperly took plaintiff's property in violation of the Due Process Clause; that prison staff denied plaintiff basic personal hygiene supplies, medical and psychological care, adequate nutrition, and access to the courts for at least one week; and that prison staff failed to protect plaintiff from his cellmate after an altercation, which allowed for a second altercation in which plaintiff's eye was injured.

/////

1

1    On September 22, 2021, the assigned magistrate judge entered findings and recommendations recommending that this action proceed on the following claims: deprivation of property without due process in violation of the Fifth Amendment against A. Ciolli, Mr. Scott, Mrs. Rodriguez, Mr. Cobbs, and John/Jane Does 1 through 5, the prison staff assigned to Unit 2A who allegedly participated in the decision to seize plaintiff's property on March 9, 2020; unconstitutional conditions of confinement in violation of the Eighth Amendment against A. Leger and John/Jane Does 6 through 10, the prison staff who allegedly participated in the deprivation of personal hygiene supplies, exercise, and nutritional food during the week-long lockdown of Unit 2A; and deliberate indifference to serious medical needs in violation of the Eighth Amendment against C. Hanson, Mr. Young, and John/Jane Does 11 through 15, the prison staff who allegedly deprived plaintiff of his medication, medical care, and psychological care during the week-long lockdown of Unit 2A.  (Doc. No. 24.)  The assigned magistrate judge further recommended that plaintiff's First Amendment access to the courts and Eighth Amendment failure to protect claims be dismissed with prejudice due to plaintiff's failure to state a claim and that plaintiff's claims against Mr. Doerer for failure to provide plaintiff with hygiene be dismissed without prejudice.  (*Id.*)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id*. at 21.)

On October 15, 2021, plaintiff filed objections to the findings and recommendations. (Doc. No. 32.).  It is unclear whether these objections are to the pending findings and recommendations issued upon the screening of plaintiff's third amended complaint or whether they relate to related findings and recommendations recommending that plaintiff's motions for leave to amend be denied.  (*See* Doc. Nos. 25, 26, and 28.)  The objections explain that the Eighth Amendment failure to protect claims plaintiff seeks to bring against Mr. Hurte should not be dismissed because Mr. Hurte failed to protect plaintiff from his cellmate based on one prior

/////

/////

/////

2

altercation and the "age difference" between the two inmates. (Doc. No. 32 at 1–2.)[1] Plaintiff's objections, like the third amended complaint, fail to allege that Mr. Hurte or any other prison staff intentionally disregarded a "serious threat" to plaintiff's safety.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations entered on September 22, 2021 (Doc. No. 24) are adopted in full;

2. This case proceeds on:

    a. plaintiff's Fifth Amendment claim for deprivation of property without due process against A. Ciolli, Mr. Scott, Mrs. Rodriguez, Mr. Cobbs, and John/Jane Does 1 through 5, the prison staff assigned to Unit 2A who allegedly participated in the decision to seize plaintiff's property on March 9, 2020;

    b. plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement against A. Leger and John/Jane Does 6 through 10, the prison staff who allegedly participated in the deprivation of personal hygiene supplies, exercise, and nutritional food during the week-long lockdown of Unit 2A;

    c. plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against C. Hanson, Mr. Young, and John/Jane Does 11 through 15, the prison staff who allegedly deprived plaintiff of his medication, medical care, and psychological care during the week-long lockdown of Unit 2A;

/////

---

[1] Plaintiff notes that he is 58 years old, while his cellmate is 52 years old. Plaintiff does not explain why this age difference would or should warrant plaintiff being especially protected from his cellmate.

3

3. Plaintiff's First Amendment access to the courts and Eighth Amendment failure to protect claims are dismissed with prejudice due to plaintiff's failure to state a claim;

4. Plaintiff's claims against Mr. Doerer for failure to provide plaintiff with hygiene are dismissed without prejudice;

5. The Clerk of the Court is directed to terminate the Federal Bureau of Prisons and to add Mr. Scott, Mrs. Rodriguez, Mr. Cobbs, A. Leger, C. Hanson, Mr. Young, and John/Jane Does 1 through 15 as defendants on the docket; and

6. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 6, 2022**            /s/ Dale A. Drozd
                                       UNITED STATES DISTRICT JUDGE