UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT,<br><br>    Plaintiff,<br><br>  v.<br><br>A. CIOLLI, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01802-NONE-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 50) |

Plaintiff Anthony Curtis Barrett ("Plaintiff") is a federal inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is Plaintiff's motion to appoint counsel. (ECF No. 50.) For the following reasons, the Court will deny the motion.

According to the motion, Plaintiff requests that the Court appoint counsel to represent him in this case because Plaintiff is unable to afford counsel. (ECF No. 50.) Additionally, Plaintiff's imprisonment will greatly limit his ability to litigate. (*Id.*) The issues involved in this case are complex and will require significant research and investigation. (*Id.*) Plaintiff has limited access to the law library and limited knowledge of the law. (*Id.*) A trial in this case will also likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses. (*Id.*)[1]

---

[1] The Court notes that this is Plaintiff's second motion requesting appointment of counsel. (*See* ECF No. 27.) Plaintiff raised virtually identical arguments in his first motion, which the Court denied. (*See id.;* ECF No. 31)

1

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated:  **April 8, 2022**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

2