1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY BARRETT,                          Case No.  1:20-cv-01802-JLT-EPG (PC)

12                 Plaintiff,

13          v.                                  ORDER RE: PLAINTIFF'S OPPOSITION TO
                                                DEFENDANT'S MOTION FOR SUMMARY
14    A. CIOLLI, et al.,                        JUDGMENT ON EXHAUSTION OF
                                                ADMINISTRATIVE REMEDIES
15                 Defendants.
                                                (ECF No. 54)
16

17          Plaintiff Anthony Curtis Barrett ("Plaintiff") is a federal inmate proceeding *pro se* and *in*

18   *forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics*

19   *Agents*, 403 U.S. 388 (1971).

20          On March 28, 2022, Defendants A. Ciolli, Cobbs, C. Hanson, A. Leger, Rodriguez, Scott,

21   and Young ("Defendants") filed an application requesting leave to file a pre-answer motion for

22   summary judgment on exhaustion of administrative remedies. (ECF No. 48.) On March 29, 2022,

23   the Court entered an order directing Plaintiff to file a response to the application. (ECF No. 49.)

24   Plaintiff filed a motion on April 4, 2022, which, among other things, included a response to

25   Defendants' application. (ECF No. 50.) On April 8, 2022, the Court entered an order granting

26   Defendants' request to file a pre-answer exhaustion motion for summary judgment. (ECF No.

27   52.) The Court also issued a Limited Scheduling Order setting a deadline for filing the motion and

28   opening discovery on exhaustion issues. (ECF No. 53.)

                                                1

1    Plaintiff subsequently filed a document titled "Opposition to Defendant's Motion for

2    Summary Judgment on Exhaustion of Administrative Remedies." (ECF No. 54.) Plaintiff's filing

3    is dated April 1, 2022, but was not received by the Court until April 11, 2022. (*Id.*) In this filing,

4    Plaintiff addresses the merits of whether he exhausted his administrative remedies prior to filing

5    suit, and requests that the Court deny Defendants' motion for summary judgment. (*See id.*)

6    Plaintiff also requests that the Court allow Plaintiff to engage in discovery. (*Id.*) Plaintiff states

7    that he believes prison officials will try to intimidate him, he is concerned about self-

8    incrimination, and he does not know what is privileged. (*Id.*) Plaintiff has exhibits he would like

9    to present to the Court, but the prison is currently on lockdown and Plaintiff does not have access

10   to the law library. (*Id.*)

11   Plaintiff is advised that Defendants have not yet filed their motion for summary judgment

12   on exhaustion grounds. Defendants' March 28, 2022 motion was not itself a motion for summary

13   judgment, it was a request to allow the Defendants to address administrative exhaustion before

14   the merits of this case. As explained in the Court's April 8, 2022 orders, Defendant's exhaustion

15   motion for summary judgment is due by June 6, 2022. (*See* ECF Nos. 52, 53.) Once Defendants'

16   motion is filed, Plaintiff will have an opportunity to respond.[1] However, because that motion has

17   not yet been filed, Plaintiff's request that it be denied is premature.

18   To the extent that Plaintiff's filing is intended to be an opposition to Defendants' March

19   28, 2022 motion requesting leave to file a pre-answer exhaustion motion, this filing does not alter

20   the Court's reasoning that the interests of efficiency and judicial economy favor allowing

21   Defendants to file a pre-answer motion for summary judgment. Additionally, the Limited

22   Scheduling Order dated April 8, 2022 explained that discovery was open regarding the issue of

23   exhaustion of administrative remedies and described the types of discovery both parties can take,

24   including interrogatories, requests for production of documents, requests for admission, and

25   depositions. Thus, Plaintiff does not need a further order to take discovery. He may send

26
27
28

---

[1] Pursuant to Local Rule 230, Plaintiff's response is due twenty-one (21) days after the date of service of the motion. E.D. Cal. L.R. 230(l). If Plaintiff needs additional time to file his opposition, he should file a motion before the deadline expires requesting an extension and explaining the reasons why he needs more time. If Plaintiff requests an extension on the basis that he is unable to access the law library, he should include specific requests for law library access or paging and the institution's response to show that he is unable to respond by the deadline.

Defendants' counsel his discovery requests, such as interrogatories, requests for production of documents, and requests for admission, at any time. Plaintiff will be granted an opportunity to conduct discovery on the merits if this case remains pending after Defendants' motion is decided.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request (ECF No. 54) to deny Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

Dated:   **April 13, 2022**        /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE