UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT, <br><br> Plaintiff, <br><br> v. <br><br> A. CIOLLI, et al., <br><br> Defendants. | Case No. 1:20-cv-01802-JLT-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUSGMENT BE GRANTED, IN PART, AND DENIED, IN PART <br><br> (ECF No. 56) <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff Anthony Barrett is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action proceeding pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This case proceeds on Plaintiff's due-process, conditions-of-confinement, and deliberate-indifference-to-serious-medical-needs claims in his third amended complaint, which was filed on August 5, 2021. (ECF Nos. 22, 35, 39). Defendants Ciolli, Scott, Rodriguez, Cobbs, Leger, Hanson, and Young have moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (ECF No. 56). Plaintiff opposes the motion, arguing that he exhausted all his claims. (ECF No. 57).

As discussed below, the Court will recommend that the motion be granted to the extent that it seeks dismissal, without prejudice, of Plaintiff's claims of deliberate indifference to his

serious medical needs but be denied to the extent that it seeks dismissal of Plaintiff's claims of unconstitutional conditions of confinement and deprivation of property without due process.

## I. BACKGROUND

### A. Plaintiff's Claims

The operative complaint in this case is Plaintiff's third amended complaint, which was filed on August 5, 2021, which asserts the following claims: (1) Plaintiff's Fifth Amendment claims for deprivation of property without due process against Ciolli, Scott, Rodriguez, Cobbs, and Doe Defendants 1-5; (2) Eighth Amendment claims for unconstitutional conditions of confinement against Leger and Doe Defendants 6-10; and (3) Eighth Amendment claims for deliberate indifference to serious medical needs against Hanson, Young, and Doe Defendants 11-15.[1] (ECF No. 35). Plaintiff's claims stem from a lockdown of his prison unit occurring in March 2020.

Specifically, the due-process claims concern Defendants' alleged seizure and failure to return Plaintiff's personal property (food, personal-hygiene items, and a radio). The unconstitutional-conditions-of-confinement claims concern Defendants' alleged deprivation of basic necessities (personal-hygiene supplies, exercise, and nutritional food) to Plaintiff. The deliberate-indifference claims concern Defendants' alleged deprivation of medical care (*e.g.*, medication) and psychological care to Plaintiff during the lockdown.

### B. Relevant Filings

#### 1. Defendants' motion for summary judgment and attachments

Defendants Ciolli, Scott, Rodriguez, Cobbs, Leger, Hanson, and Young filed their motion for summary judgment on June 3, 2022. (ECF No. 56). Citing federal regulations, Defendants argue that administrative remedies were available for Plaintiff to exhaust his claims. (ECF No. 56-1, p. 3). Specifically, Plaintiff was required to (1) seek an informal resolution at his prison; (2) file a formal request with the Warden using a BP-9 form; (3) appeal the Warden's denial to the Regional Director using a BP-10 form; (4) appeal a denial by the

---

[1] The Doe Defendants have not yet been identified.

Regional Director to the Central Office (also called the General Counsel) using a BP-11 form; and (5) receive a final decision from the Central Office. (*Id.* (citing 28 C.F.R. §§ 542.13-15)).

Defendants assert that Plaintiff is familiar with this process and has filed numerous grievances in the past. Applicable here, are two administrative claims—1011107 and 1011946. In administrative claim 1011107, Plaintiff asserted that his personal property was wrongfully confiscated during the lockdown at issue in this case. In administrative claim 1011946, pertinent here, Plaintiff asserted that he was denied recreation, showers, and nutritionally adequate food in that same lockdown.

However, Defendants argue that Plaintiff filed no administrative claim regarding his medical-needs claims. (*Id.* at 7-8). And as to his due-process and conditions-of-confinement claims, Defendants argue that Plaintiff improperly filed the complaint commencing this case before the Central Office had issued a response (or the deadline to so had expired) to administrative claims 1011107 and 1011946. Accordingly, Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit. (*Id.* at 11).

In support of the motion, Defendants provide the following: (1) the declaration of Federal Bureau of Prisons (BOP) Paralegal Jennifer Vickers, which addresses the federal regulations governing administrative claims, Plaintiff's history of filing administrative claims, and the administrative claims—1011107 and 1011946—at issue here; (2) an inmate orientation handbook describing the administrative process; (3) copies of the relevant administrative claim documents; (4) a statement of undisputed facts; and (5) excerpts from Plaintiff's deposition (ECF Nos. 56-2 to 56-5).

### 2. Plaintiff's opposition and declaration

Plaintiff filed an opposition brief on June 17, 2022. (ECF No. 57). He argues that "discover[y] is necessary for the process of administrative remedy and those that administer such remedy" and also contends that the administrative process was hindered by prison officials.[2] (*Id.* at 1, 2). As to his medical-needs claims, Plaintiff identifies no administrative

---

[2] Minor alterations, such as omitting underlining and capitalization, have been made to Plaintiff's quotations without indicating each change.

claim where he raised this issue but generally asserts that he knows of nothing that requires him to raise every claim in the administrative process and complains that there is only limited space on the BP-9, 10, and 11 forms. (*Id.* at 11).

As to his due-process and conditions-of-confinement claims, he recounts the administrative process he used for pursuing administrative claims 1011107 and 1011946, complaining that flaws in the process rendered any administrative remedy unavailable. (*Id.* at 3-9). However, Plaintiff also contends that he properly exhausted his administrative remedies. (*Id.* at 9).

In support of his opposition, Plaintiff provides the following: (1) statements disputing portions of his deposition, the declaration of Jennifer Vickers, and Defendants' undisputed statement of facts; (2) copies of some of the relevant administrative claim documents; and (3) a declaration generally asserting that he exhausted his administrative remedies. (ECF Nos. 57, 59).

### 3. Defendants' reply and response to declaration

Defendants filed a reply on July 1, 2022, reiterating their arguments for why Plaintiff failed to exhaust his administrative remedies and opposing Plaintiff's argument that his administrative remedies were effectively unavailable. (ECF No. 58). Additionally, they argue that this Court should not permit any further discovery regarding exhaustion, as Plaintiff has not met the requirements to do so under Federal Rule of Civil Procedure 56(d). (*Id.* at 7).

In support of their reply, Defendants provide the following: (1) a reply to Plaintiff's response to their statement of undisputed facts; and (2) excerpts from Plaintiff's deposition. (ECF Nos. 58-1, 58-2). Additionally, on July 15, 2022, Defendants filed a response to Plaintiff's declaration, arguing that it simply reiterates his arguments from his opposition. (ECF No. 62).

## II. LEGAL STANDARDS

### A. Exhaustion

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Court of Appeals for the Ninth Circuit has summarized the regulations governing the BOP grievance process:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15. As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" concerning the dispute to the prison Warden using a BP–9 form. The BP–8 and BP–9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident. 28 C.F.R. § 542.14(a). An extension of time is available upon a showing of valid reason for delay. Section 542.14(b) provides a non-exhaustive list of reasons that justify an extension of time. Valid reasons "include . . . an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." *Id.*
>
> If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form. 28 C.F.R. § 542.15(a). The BP–10 must be submitted to the Regional Director within 20 calendar days of the date of the Warden's decision. *Id.* As with the time period for filing a BP–9, an extension of time is available upon a showing of a valid reason. *Id.* Section 542.15(a) provides that "[v]alid reasons for delay include those situations described in § 542.14(b)." *Id.*
>
> The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form. *Id.* The BP–11 must be submitted to the Central Office within 30 calendar days from the date of the Regional Director's decision. *Id.* As with the time period for filing a BP–9 and a BP–10, an extension is available upon the showing of a valid reason as described in § 542.14(b). *Id.*

*Nunez v. Duncan*, 591 F.3d 1217, 1219-20 (9th Cir. 2010) (alterations in original) (footnote omitted). "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a). Absent exceptions not applicable here, "[o]nce filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." 28 C.F.R. § 542.18.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). And it applies to "federal prisoners suing under *Bivens* []." *Id.* at 524. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736 (2001); *see Ross v. Blake*, 578 U.S. 632, 643 (2016).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. at 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The Supreme Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (internal citations omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). The failure to exhaust in compliance with section 1997e(a) of the PLRA is an affirmative defense that defendants have the burden of raising and proving. *Jones*, 549 U.S. at 216.

### B. Summary Judgment

A party may move for summary judgment on a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de*

*Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record, not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

In a defendant's motion for summary judgment for failure to exhaust, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**III.   ANALYSIS**

    **A.   Preliminary Issues**

        **1.   Additional discovery**

Plaintiff states that "discover[y] is necessary for the access of administrative remedy and those that administer such remedy." (ECF No. 57, p. 1). The Court construes this as a motion made under Federal Rule of Civil Procedure 56(d), which allows a court to deny or defer considering a motion for summary judgment, allow additional discovery, or issue any other appropriate order if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

The Court's April 8, 2022 order opened discovery on the issue of exhaustion and set a June 6, 2022 deadline for Defendants to challenge Plaintiff's exhaustion of his administrative remedies. (ECF No. 53). Plaintiff never filed any motion requesting to extend the period to conduct exhaustion-related discovery, nor has he identified any document request, interrogatory, or other discovery request that he needs to respond to the summary judgment motion.

Moreover, Plaintiff's opposition provides extensive argument regarding his administrative claims—1011107 and 1011946—and he attaches various documents relating to them, showing that he possesses sufficient factual knowledge regarding these claims to support his opposition. And Plaintiff has not identified any other administrative claim that is at issue in this case. Given these circumstances, Plaintiff has failed to offer "specified reasons" for why he cannot present facts essential to support his opposition absent additional discovery.

### 2. Availability of administrative remedy

As noted above, Defendants have the initial burden to show that there was an available administrative remedy. *Albino II*, 747 F.3d at 1172. Defendants have met this initial burden by describing the BOP's established administrative process, which description is consistent with legal authority outlining the process. *See Nunez*, 591 F.3d at 1219-20. Moreover, Defendants have shown that Plaintiff utilized this process for at least two administrative claims.

Accordingly, the burden shifts to Plaintiff to come forward with evidence showing that there is something in his case that made the existing and generally available administrative remedies effectively unavailable to him. Plaintiff generally offers three reasons why his administrative remedies were effectively unavailable here: (1) prison officials hinder inmates from exhausting their administrative remedies and the process is futile; (2) as to administrative claim 1011107, there was a delay in the Warden's response to his administrative claim that "made the grievance incapable of use for relief"; and (3) as for administrative claims 1011107

and 1011946, prison officials told him to pursue a tort claim, thus indicating to him that his pursuit of these claims would be "ineffective."³ (ECF No. 57, pp. 2, 4-5, 7).

Plaintiff's first reason—that prison officials hindered his exhaustion of administrative remedies—appears aimed at defeating summary judgment on all his claims. However, Plaintiff has offered no evidence to show that prison officials hindered the administrative process so as to render it "futile." Rather, he summarily asserts that prison officials lose documents, tell inmates to do things differently than the inmate handbook states, and "change the process to benefit them[selves.]" (*Id.* at 2, 3). But Plaintiff fails to recount any specific incidents that rendered his administrative remedies effectively unavailable for this case. Rather, Plaintiff acknowledges that he utilized the administrative process, at least for claims 1011107 and 1011946, despite any alleged interference from prison officials and he does not cite to any other pertinent administrative claims where prison officials hindered his exhaustion of the legal claims at issue here. (*Se id.* at 5 – "I exhausted the available remedies properly even when I was told that the local remedies would be ineffective.").

Plaintiff's second and third reasons—that delays and misleading statements affected his exhaustion of administrative claims 1011107 and 1011946—are aimed at defeating summary judgment on his due-process and conditions-of-confinement claims. However, for the reasons discussed below, the Court concludes that Defendants are not entitled to summary judgment on these claims. Accordingly, the Court need not resolve Plaintiff's arguments.

**B.    Exhaustion of Claims**

Defendants' motion for summary judgment offers two arguments regarding exhaustion. First, Defendants argue that, as to Plaintiff's medical-needs claims, he never filed any administrative claim at all. Second, Defendants argue that, as to Plaintiff's due-process and conditions-of-confinement claims, Plaintiff filed this lawsuit before the administrative process for claims 1011107 and 1011946 had been completed. The Court considers each argument in

---

³Plaintiff also briefly alleges that administrative relief is not available to the extent he seeks monetary damages. (ECF No. 57, p. 5). However, "a prisoner must [] exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85, (2006).

1  turn.

2  **1.     Medical-needs claims**

3  Plaintiff's third amended complaint, which is the operative complaint, alleged "interfere[nce] with [his] medical treatment that was prescribed," untreated "medical and psychological needs," and not receiving his "prescribed medications." (ECF No. 39, p. 10). Defendants assert that Plaintiff never filed an administrative claim alleging that he was deprived of medical and psychological care. (ECF No. 56-1, pp. 8-10; ECF No. 56-3, p. 7 – declaration of BOP Paralegal Vickers noting that her review of BOP records reveals that Plaintiff did not file an administrative claim on this issue). While Plaintiff generally asserts that he exhausted all his legal claims, he does not identify any administrative claim raising this issue. However, Plaintiff asserts that he knows of nothing requiring him to raise every claim in his complaint in the administrative process and complains that there is only limited space on the BP-9, 10, and 11 forms.[4] (ECF No. 57, p. 11).

The Court construes this as an argument that Plaintiff's complaints in administrative claims 1011107 (addressing alleged deprivation of personal property) and 1011946 (addressing alleged deprivation of showers, nutritionally adequate food, and personal property) were adequate to put Defendants on notice of his medical-needs claims. (*See* ECF Nos. 56-3, p. 113, 134). Defendants counter that neither administrative claim was sufficient to put them on notice. (ECF No. 56-1, p. 8).

As for the notice required for a prison appeal, the Ninth Circuit has stated as follows:

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay

---

[4] To the extent that Plaintiff's argument can be construed as arguing that a lack of physical space on the form itself prevented him from exhausting this claim, the Court rejects the argument. Notably, BOP regulations permit inmates to attach another form if more space needed, and Plaintiff does not explain why he could not do so. 28 C.F.R. § 542.14(c)(3); *see also* § 542.15(b)(3). See *Salinas Sanchez v. Seibel*, No. ED CV 15-1901R (DFM), 2018 WL 6075342, at *5 (C.D. Cal. Aug. 22, 2018), *report and recommendation adopted sub nom. Sanchez v. Seibel*, 2019 WL 342108 (C.D. Cal. Jan. 28, 2019) (concluding that "Plaintiff's contention that he did not have enough space on the grievance form" was "unavailing").

>groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (citations and internal quotation marks omitted).

Beginning with administrative claim 1011107, Plaintiff alleged as follows on his BP-9 form:

>On March 9, 2020, staff begin a search of our Unit at which time we were issued a green duffle bag and a memo to put all of our personal property in the green duffle bag. All of my personal property did not fit into this bag. Upon returning to my cell I was handed a property sheet to sign and was told this is what was inventoried in the green duffle bag. I was not given a confiscated sheet of my other property and was told to file a tort claim by your staff. This is not policy and I would like to have my property back.

(ECF No. 56-3, p. 113).

Notably, this claim does not allege the deprivations of medical care that Plaintiff later alleged in his third amended complaint. Without any such allegations, it is not sufficient to put Defendants on notice of his medical-needs claims.

As for administrative claim 1011946, Plaintiff alleged as follows on his BP-9 form:

>On March 7, 2020 through March 13, 2020, I was informally punished without due process when my Unit 2A alone was locked down. I was denied recreation, showers, access to law library, nutritionally adequate food and my personal property was taken. This is clearly a violation of my constitutional rights.

(ECF No. 56-3, p. 129).

While Plaintiff complains about certain deprivations during lockdown (*e.g.*, recreation, showers, and nutritionally adequate food), he once more does not allege a deprivation of medical or psychological care so as to give prison officials notice to be able to adequately respond to his complaints.

Accordingly, as to Plaintiff's medical-needs claims, Defendants have shown that Plaintiff failed to exhaust his available administrative remedies by not including allegations concerning his medical-needs claims. Thus, the Court will recommend that the medical-needs claims against Defendants Hanson and Young be dismissed without prejudice for failure to exhaust administrative remedies.

**2.      Dismissal of medical-needs claims against Doe Defendants 11-15**

In addition to named Defendants Hanson and Young, Plaintiff's medical-needs claims proceed against Doe Defendants 11-15. (ECF No. 35, p. 3). The Court will recommend that summary judgment be also entered on behalf of Doe Defendants 11-15 based on Plaintiff's failure, as discussed above, to file any administrative claim regarding his medical-needs claims. *See Monson v. Corizon*, No. 1:11-CV-00468-MHW, 2013 WL 3756440, at *5 (D. Idaho July 11, 2013) ("[A]llowing the complaint to go forward against the Jane and John Doe defendants would be futile based on the Court's decision below to grant summary judgment in favor of Defendant Lossmann on the same claim vaguely asserted against the Jane and John Doe defendants. The Court will, therefore, sua sponte, grant judgment in favor of the unserved Jane and John Doe defendants as well.") (citing *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir.2008).

While Doe Defendants 11-15 have not been served and have not moved for summary judgment on exhaustion, Rule 56(f)(1) permits a court to "grant summary judgment for a nonmovant" if the opposing party is given "notice and a reasonable time to respond." *See also Albino II*, 747 F.3d at 1176 ("If the record is sufficiently developed to permit the trial court to consider summary judgment, and if the court finds that when viewing the evidence in the light most favorable to a moving party the movant has not shown a genuine dispute of fact on the issue of exhaustion, it may be appropriate for the district court to grant summary judgment *sua sponte* for the nonmovant on this issue.").

Here, Plaintiff already "had a full opportunity to gather evidence" and was "on notice of the need to come forward with all [his] evidence" to successfully oppose Defendants' motion for summary judgment. *Id.* at 1177; (*see* ECF no. 56, p. 2 – providing notice under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) to Plaintiff of summary judgment requirements).[5]

\\\

---

[5] Moreover, Plaintiff will be permitted twenty-one days to file any objections to these findings and recommendations raising any arguments concerning the dismissal of the Doe Defendants.

### 3. Exhaustion of due-process and conditions-of-confinement claims

Defendants assert that Plaintiff filed this lawsuit before receiving the final responses on his administrative claims—1011107 and 1011946—which concerned his due-process and conditions-of-confinement claims:

> [Plaintiff] submitted his final BP-11s for Administrative Remedy Nos. 1011107 and 1011964 on December 10, 2020. SOF ¶¶ 11(l), (n)-(p), 12(f). The Central Office had 40 days—or until January 19, 202[1]—to respond to both. SOF ¶ 2(e); 28 C.F.R. § 542.18. Barrett could not file suit until the Central Office responded to those BP-11s on the merits, or until 40 days expired without a decision and without the Central Office seeking additional time.
>
> . . . .
>
> [Plaintiff] however, filed his Complaint December 22, 2020, before the Central Office responded to his BP-11s, and before the 40-day period to respond had ended.

(ECF No. 56-1, p. 10) (footnote omitted).[6]

Aside from arguing that alleged flaws in the administrative process rendered his administrative remedies effectively unavailable, Plaintiff's opposition recounts the history of his administrative claims and asserts that he properly exhausted his claims "on May 14, 2020, and again on August 12, 2020," without any developed supporting explanation. (ECF No. 57, pp. 2-9). However, the Court ultimately need not address Plaintiff's opposing arguments because Defendants' argument is mistakenly focused on the date when Plaintiff filed this suit, as opposed to the date he filed the operative third amended complaint.

Importantly, even assuming that Plaintiff's administrative remedies were not exhausted when he initiated this case in December 2020, the decisive date is not when the initial complaint was filed. Rather, as the Ninth Circuit recently explained:

> In [*Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017)], we held that a prisoner "can cure deficiencies through later filings, regardless of when he filed the original 'action.'" *Id.* at 934. We made clear that "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure." *Id.* at 935. Therefore, Plaintiff's operative third

---

[6] Defendants state that Central Office had forty days from December 10, 2020, or until "January 19, 2022," to respond to the administrative claims. (ECF No. 56, p. 10). Because forty days from December 10, 2020, is January 19, 2021, the Court assumes this was a typographic error and has corrected it in the above quote.

14

> amended complaint controls the PLRA exhaustion analysis, and the district court erred in dismissing it for lack of exhaustion.

*Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022) (second alteration in original); *see Ramirez v. Collier*, 142 S. Ct. 1264, 1276 (2022) (noting that failure to exhaust grievance process "was arguably cured by those subsequent filing," citing *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir 2010) for the proposition that "[a]s a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent").

Here, Plaintiff filed his third amended complaint on August 5, 2021, long after the January 19, 2021 date that Defendants identify as the deadline for the Central Office to respond to Plaintiff's administrative claims.[7] (ECF No. 22). And Defendants have made no argument as to why Plaintiff's claims would not be deemed exhausted by August 2021. Because Defendants have not shown that Plaintiff failed to exhaust his available administrative remedies by the filing of his third amended complaint, the Court recommends that summary judgment as to Plaintiff's due-process claims against Defendants Ciolli, Scott, Rodriguez, and Cobbs be denied; and summary judgment as to Plaintiff's conditions-of-confinement claims as to Defendant Leger be denied.

## IV.   RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's construed Rule 56(d) motion (ECF No. 57) be denied.
2. Defendants' motion for summary judgment (ECF No. 56) be granted to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to his claims for deliberate indifference to serious medical needs against Defendants Hanson and Young.
3. Summary judgment be granted on behalf of Doe Defendants 11-15 as to Plaintiff's claims for deliberate indifference to serious medical needs.

---

[7] While Plaintiff filed his third amended complaint on August 5, 2021, it appears later in the record (in January 2022) because the Court directed the Clerk to file it after screening. (ECF Nos. 38, 39).

4. The claims for deliberate indifference to serious medical needs against Defendants Hanson, Young, and Doe Defendants 11-15 be dismissed without prejudice for failure to exhaust.

5. Defendants' motion for summary judgment (ECF No. 56) be denied to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to his claims for deprivation of property without due process against Defendants Ciolli, Scott, Rodriguez, and Cobbs; and also be denied as to Plaintiff's claims for unconstitutional conditions of confinement against Defendant A. Leger.

6. The Clerk of Court be directed to terminate Hanson and Young from the docket, and to properly reflect on the docket that Doe Defendants 11-15 have been dismissed from this action but that Doe Defendants 1-10 remain parties to this case.[8]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (21) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\
\\\

---

[8] Defendants are reminded that, pursuant to the Court's April 8, 2022 order, their deadline to respond to the third amended complaint is fourteen days after the issuance of a final ruling on their motion for summary judgment. (ECF No. 52, p. 3). Moreover, if this case proceeds after Defendants' motion for summary judgment has been resolved, the Court will issue a scheduling order setting further dates and deadlines in the case. (ECF No. 53, p. 1).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 13, 2022**__         /s/ Eric P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE