UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARRETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> A.CIOLLI, et al, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:20-cv-1802 JLT EPG (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> (Docs. 56 and 64) |

Anthony Barrett is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Defendants seek summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies related to his claims for violations due process, conditions of confinement, and deliberate indifference to serious medical needs. (Doc. 56.) Plaintiff requests additional discovery be permitted, asserting it was "necessary for the access of administrative remedy and those that administer such remedy." (Doc. 57 at 1.)

As an initial matter, the magistrate judge construed Plaintiff's discovery request as a motion under Federal Rule of Civil Procedure 56(d). (Doc. 64 at 8.) The magistrate judge found Plaintiff

---

[1] The operative complaint in this case is Plaintiff's third amended complaint, which was filed on August 5, 2021, which asserts the following claims: (1) deprivation of property without due process against Ciolli, Scott, Rodriguez, Cobbs, and Does 1-5; (2) unconstitutional conditions of confinement against Leger and Does 6-10; and (3) deliberate indifference to serious medical needs against Hanson, Young, and Does 11-15. (Doc. 35.)

1

"failed to offer 'specified reasons' for why he cannot present facts essential to support his opposition absent additional discovery." (*Id.*) In doing so, the magistrate judge observed that Plaintiff "has [not] identified any document request, interrogatory, or other discovery request that he needs to respond to the summary judgment motion." (*Id.*) In addition, the magistrate judge noted "Plaintiff's opposition provides extensive argument regarding his administrative claims—1011107 and 1011946—and he attaches various documents relating to them, showing that he possesses sufficient factual knowledge regarding these claims to support his opposition." (*Id.*) Therefore, the magistrate judge recommended Plaintiff's request for additional discovery be denied. (*Id.* at 15.)

The assigned magistrate judge found Defendants showed "Plaintiff failed to exhaust his available administrative remedies by not including allegations concerning his medical-needs claims" in his administrative forms. (Doc. 64 at 12.) On the other hand, the magistrate judge determined that with the claims related to due process and conditions of confinement, "Defendants have not shown that Plaintiff failed to exhaust his available administrative remedies by the filing of his third amended complaint." (Doc. 64 at 15.) Consequently, the magistrate judge recommended that "summary judgment as to Plaintiff's due-process claims against Defendants Ciolli, Scott, Rodriguez, and Cobbs be denied; and summary judgment as to Plaintiff's conditions-of-confinement claims as to Defendant Leger be denied." (*Id.*)

The parties were granted 21 days from the date of service—or no later than October 7, 2022—to file objections to the Findings and Recommendations. (*See* Doc. 64 at 16.) The parties were also advised the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 17, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) No objections were filed by any party, and the deadline to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a de novo review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis., the Court **ORDERS**:

1. The Findings and Recommendations issued on September 13, 2022 (Doc. 64) are **ADOPTED** in full.

2

2. Defendants' motion for summary judgment (Doc. 56) is **GRANTED IN PART**.[2]

3. Summary adjudication of Plaintiff's claims for deliberate indifference to serious medical needs against Defendants Hanson, Young, and Does 11-15 is **GRANTED**.

4. Plaintiff's claims for deliberate indifference to serious medical needs against Defendants Hanson, Young, and Doe Defendants 11-15 are **DISMISSED** without prejudice for failure to exhaust.

5. Summary adjudication of Plaintiff's claims for deprivation of property without due process against Defendants Ciolli, Scott, Rodriguez, and Cobbs is **DENIED**.

6. Summary adjudication of Plaintiff's claim for unconstitutional conditions of confinement against Defendant A. Leger is **DENIED**.

7. The Clerk of Court is directed to terminate Hanson and Young from the docket. In addition, the Clerk of Court shall indicate on the docket that Doe Defendants 11-15 are dismissed, though Doe Defendants 1-10 remain as defendants.

8. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **October 28, 2022**

UNITED STATES DISTRICT JUDGE

---

[2] Defendants are reminded the deadline to respond to the third amended complaint is 14 days after the date of service of this order, which constitutes a final ruling on the motion for summary judgment. (Doc. 52 at 3.)

3